```
FILED
APR 26 2012
U.S. DISTRICT COURT
MARTINSBURG, WV 25401
```

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, WEST VIRGINIA

TINA BOWMAN,  :
:
    Plaintiff,  :
:
v.  : Civil Action No.: 3:12-cv-36
:
WELLS FARGO FINANCIAL a/d/b/a WELLS  :
FARGO FINANCIAL CARDS a division of,  :
WELLS FARGO BANK, N.A.,  :
:
    Defendant.  :

## COMPLAINT

**COMES NOW** your Plaintiff, by counsel, Aaron C. Amore of Amore Law, PLLC and avers and says:

### NATURE OF ACTION

1. This is an action brought under the West Virginia Consumer Credit and Protection Act 46A-2-101 et seq. (hereafter "WVCCPA").

2. This action is brought pursuant to the common law of West Virginia asserting the torts of invasion of privacy.

### JURISDICTION AND VENUE

3. That the Plaintiff, Tina Bowman is citizen and resident of the State of West Virginia.

4. This action, in part, arises out of Defendant's violations of the WVCCPA in its illegal efforts to collect a consumer debt from Plaintiff.

5. This action, in part, arises out of Defendant's tortious actions in violation of West Virginia Common law.

6. Venue is proper for this Court because the acts and transactions occurred in the State of West Virginia, Plaintiff resides here and the Defendant transacts business in the State of West Virginia.

## PARTIES

7. The Plaintiff is a person who falls under the protection of Article 2 of the WVCCPA and is entitled to the remedies set forth in Article 5 of the WVCCPA.

8. The Defendant, Wells Fargo Financial also doing business as Wells Fargo Financial Cards a division of Wells Fargo Bank, N.A. (hereafter "Wells Fargo") is a national association organized and existing under the National Bank Act with its principal place of business in South Dakota.

9. The Defendant, Wells Fargo, is a debt collector engaging directly or indirectly in debt collection within the State of West Virginia, including Jefferson County, West Virginia.

10. That Wells Fargo is a "debt collector" as that term is defined by *West Virginia Code* § 46A-2-122(d).

11. Defendant Wells Fargo at all times was engaged, by use of the U.S. Postal Service and telephone, in the business of attempting to collect a "debt" from Plaintiff.

12. That the debt alleged owed is a "claim" as that term is defined by *West Virginia Code* § 46A-2-122(b).

13. That the actions of Wells Fargo are "debt collection" as that term is defined by *West Virginia Code* § 46A-2-122(c).

## FACTUAL ALLEGATIONS

14. Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "claim" as that term is defined by *West Virginia Code* § 46A-2-122(b).

15. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

16. In July of 2011, Plaintiff telephoned Defendant to provide it with her attorney's name and telephone number and to inform Defendant that she was represented by counsel and to no longer communicate directly with her but to communicate directly with her attorney.

17. Thereafter, the Defendant caused a telephone collection call to be placed to the Plaintiff's home and by written communication. During the telephone calls, the Plaintiff told the Defendant's representative that Plaintiff was represented by an attorney and gave Defendant's representative the Plaintiff's attorney's name and telephone number.

18. That the Defendant caused elephone collection calls to be placed to the Plaintiff's home and by written communications after Plaintiff informed the Defendant that she was represented by counsel and provided the name and telephone number of her attorney.

## COUNT I

### VIOLATIONS OF THE WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT

19. The Plaintiff incorporates the preceding paragraphs by reference.

20. The Defendant communicated and/or attempted to communicate with the Plaintiff in an attempt to collect its debt after it knew the Plaintiff was represented by counsel and possessed the name and telephone number of counsel, from July 2011 to the filing of this Complaint in violation of *West Virginia Code* §§ 46A-2-125 and 46A-2-128(e).

21. As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT II

## COMMON LAW INVASION OF PRIVACY

22. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

23. The Plaintiff has an expectation of privacy to be free from harassing and annoying telephone calls to her telephone within the confines of Plaintiff's home.

24. The acts of the Defendant in placing telephone calls to Plaintiff's telephone number invaded, damaged and harmed Plaintiff's right of privacy.

25. As a result of the Defendant's actions, the Plaintiff suffered emotional distress.

26. As a result of Defendant's actions, the Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## DEMAND FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendant as follows:

a) Actual damages for the past and future violations of WVCCPA as authorized by *West Virginia Code* §46A-5-101(1);

b) Statutory penalty in the maximum amount authorized by *West Virginia Code* §46A-5-101(1);

c) Statutory penalty, as adjusted for inflation of $4,597.67 for the Plaintiff for each violation by the Defendant authorized by *West Virginia Code* §46A-5-106;

d) Plaintiff's cost of litigation, including attorney fees, court costs and fees, pursuant to *West Virginia Code* §46A-5-104;

e) The Plaintiff be granted general damages and punitive damages for Defendant's past and future conduct alleged in Count II;

f) Cancellation of the debt as provided for in *West Virginia Code* §46A-5-105;

g) An injunction, enjoining, prohibiting and restraining the Defendant from contacting the Plaintiff or any member of her family, as long as they are represented by counsel and that counsel does not fail to answer correspondence, return telephone calls, or discuss the obligation in question with the Defendant, or agree to direct communication;

h) An injunction, enjoining, prohibiting and restraining the Defendant from reporting any negative credit report information during the pendency of this litigation; and

i) Award such other and further relief as this Court may deem just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

**TINA BOWMAN**
**By Counsel**

_____
Aaron C. Amore, Esquire, WVSB No. 6455
AMORE LAW, PLLC
206 West Liberty Street
P.O. Box 386
Charles Town, WV 25414
Phone: 304-885-4111
Facsimile: 866-417-8796
E-mail: aaron@amorelaw.com